UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE SANCHEZ and DAVID
SANCHEZ, as natural parents
and guardians of J.S., a
minor,

    Plaintiffs,

v.                        Case No: 2:17-cv-649-FtM-99MRM

GREGORY K. ADKINS, Ed.D., as
Superintendent of the School
District of Lee County,
DAVID LAROSA, in his
official capacity as
Principal of Fort Myers
Senior High School, Lee
County, Florida, and SCOTT
GUTTERY, individually and in
his capacity as an employee
of the School District of
Lee County,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants Gregory K. Atkins and David LaRosa's Motion to Dismiss (Doc. #13) filed on December 21, 2017. Plaintiffs filed a Response in Opposition (Doc. 17) on January 16, 2018. For the reasons set forth below, the Motion is granted with leave to amend.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On November 27, 2017, Stephanie and David Sanchez, as parents of J.S., a minor, filed a nine-count Amended Complaint against Gregory K. Adkins, as Superintendent of Lee County School District; David LaRosa, as principal of Fort Myers High School; and Scott Guttery, a teacher and basketball coach at Fort Myers High School. (Doc. #3.) Plaintiffs allege state law negligence claims and claims for deprivation of J.S.'s due process rights.[1]

The Amended Complaint alleges that on May 4, 2017, Guttery was supervising a basketball scrimmage in the gymnasium at the high school, and was on the opposite team of J.S. (Doc. #3, ¶ 15-16.) During the course of the scrimmage, J.S. started to drive towards the basket when Guttery fouled him, causing J.S. to fall to the floor and hit his head. (Id., ¶ 18.) J.S. suffered a concussion as a result. (Id., ¶¶ 19-20.) Adkins and LaRosa move to dismiss the due process and state law claims brought against them.

---

[1] Guttery has not yet been served nor appeared in this matter. The claims against Guttery include Section 1983, intentional torts, and negligence.

**A. Due Process Claims**

Plaintiffs assert that Guttery's attack on J.S. at the basketball scrimmage was a form of corporal punishment, prior to which J.S. was not afforded due process under the Fourth and Fourteenth Amendments.[2] (Doc. #3, ¶¶ 54-56, 70-72.) "Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law." Laster v. City of Tampa Police Dept., 575 F. App'x 869, 872 (11th Cir. 2014) (citing 42 U.S.C. § 1983). "Persons" include individuals and municipalities and other local-government units. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). "[T]he Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression." Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (internal quotations and citations omitted).

Although the application of physical force to punish a student for school-related misconduct may constitute corporal punishment that could trigger due process protections, Neal ex rel. Neal v. Fulton Cty. Bd. of Educ., 229 F.3d 1069, 1073 (11th Cir. 2000), here, plaintiffs do not plausibly allege that Guttery's foul in a

---

[2] Florida law requires the approval of the principal, the presence of another adult, and an explanation be given to the minor's parents before a minor may be subjected to corporal punishment, which plaintiffs allege did not occur in this case. Fla. Stat. § 1003.32.

pick-up basketball game constitutes corporal punishment. And even if they did plausibly allege as much, it is not plausible that any sort of due process may be afforded in such a circumstance given the nature of a basketball scrimmage such as the one here. Therefore, plaintiffs' due process claims (Counts I, II, III, and IV) fail.

**B. Remaining Claims**

The Court need not address the issues raised in defendants' motion to dismiss as to the remaining counts. The remaining possible claims in the Amended Complaint are all state law claims. Even assuming these are properly pled, pursuant to 28 U.S.C. § 1367(c)(3), the Court would exercise its discretion and decline to exercise supplemental jurisdiction over the state claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004) (encouraging district courts to dismiss state claims where all claims which provided original jurisdiction have been dismissed.)

Because a party generally should be given at least one opportunity to amend before the court dismisses a complaint with prejudice, Bryan v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001), the Court will provide plaintiffs with a final opportunity to file an amended complaint setting forth claims.[3] The Court will not

---

[3] Plaintiffs seek leave to amend to state a claim under the Fifth Amendment, rather than the Fourth. Yet civil rights claims brought against state actors are available only under the Fourteenth Amendment. See Weiland v. Palm Beach Cty. Sheriff's

grant leave to file any additional complaints if the new pleading is insufficient.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants Gregory K. Atkins and David LaRosa's Motion to Dismiss (Doc. #13) is **GRANTED** and the Amended Complaint (Doc. #3) is dismissed without prejudice.

2. Plaintiffs may file a Second Amended Complaint within **FOURTEEN (14) days** of this Opinion and Order. **Failure to file a Second Amended Complaint will result in the closing of this case without further notice.**

**DONE and ORDERED** at Fort Myers, Florida, this   6th   day of February, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

---

Office, 792 F.3d 1313, 1328 (11th Cir. 2015) (noting that the Fifth Amendment protects a citizen's rights against infringement by the federal government, not by state government). Thus, any future amendment should not include a Fifth Amendment claim.